UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIM WYLIE-BROWN, *Pro Se*, | ) Case No.: 1:18 CV 292 |
| Plaintiff | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) |
| JUDGE RONALD O'LEARY, | ) |
| Defendant | ) MEMORANDUM OPINION |
| | ) AND ORDER |

Currently pending before the court are multiple motions by *pro se* Plaintiff Kim Wylie-Brown ("Plaintiff" or "Wylie-Brown"). The first is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2); that Motion is granted. Next is Plaintiff's motion for Declaratory Judgment and/or Demand for Contempt Order (ECF No. 3). Finally, Plaintiff filed a Motion and Amended Motion for an Emergency Ex Parte Injunction asking the court to stop the Cleveland Municipal Court from evicting her from her apartment on March 12, 2018 (*see* ECF Nos. 4 and 5, respectively). Because the court determines that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(a)(3), each of those motions are denied.

**I. BACKGROUND**

On February 6, 2018, Wylie-Brown commenced this action pursuant to 42 U.S.C. § 1983 and

42 U.S.C. § 1986 against Cleveland Municipal Court Judge Ronald O'Leary ("O'Leary" or "Defendant"). This case arises from an eviction proceeding in Cleveland Municipal Court (Housing Division) case number 17 CVG 11790 ("State Case").[1] O'Leary presided over the State Case. Plaintiff alleges that she and other tenants of Ambleside Tower Apartments ("Ambleside") complained and signed petitions concerning alleged unlawful activity by the Cleveland Metropolitan Housing Authority ("CMHA") officers and employees and, in retaliation, the CMHA filed the State Case to evict her from her Ambleside apartment. (Compl., ECF No. 1 ¶¶ 9-13.)

The State Case docket indicates that Wylie-Brown was active in her own defense, including making a jury demand and filing a motion for injunctive relief. She also removed the State Case to the Northern District of Ohio on September 5, 2017 (Northern District of Ohio ("NDOH") Case No. 1:17 CV 1857), but the case was remanded to the Cleveland Municipal Court (*see* Case No. 1:17 CV 1857, ECF Nos. 1, 6). Wylie Brown appealed the court's remand decision to the United States Sixth Circuit Court of Appeals, but the appeal was dismissed (NDOH Case No. 1:17 CV 1857, ECF No. 16). (*See* Compl. ¶¶ 14-15.)

Wylie-Brown then brought a second case in the Northern District of Ohio (also related to the State Case) – NDOH Case No. 1:17 CV 1924 – against Cleveland Municipal Court judges and employees of the Cleveland Metropolitan Housing Authority. In that case, Wylie-Brown sought declaratory, monetary, and injunctive relief claiming that the eviction proceedings in the State Case violated her federal constitutional rights. Wylie-Brown's claims for equitable relief were dismissed

---

[1] Public records and government documents are generally considered not to be subject to reasonable dispute. The court takes judicial notice of the public court dockets of the state and federal cases referred to in Wylie Brown's complaint and herein. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454 (N.D. Ohio 2012) (citations omitted); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 540 F. Supp. 2d 900, 902 n.1 (S. D. Ohio 2007) (taking judicial notice of prior litigation on its own docket and of state court proceedings) (citations omitted).

pursuant to *Younger v. Harris* because the State Case remained pending and, to the extent Plaintiff was seeking damages, those claims were stayed until conclusion of the State Case (NDOH Case No. 1:17 CV 1924, ECF No. 7). Wylie-Brown also appealed that decision to the United States Sixth Circuit Court of Appeals. The Sixth Circuit dismissed Wylie-Brown's appeal to the extent she appealed the stay of certain claims, but permitted her appeal to go forward with respect to the issue of injunctive relief (NDOH Case No. 1:17 CV 1924, ECF No. 12) provided that she pay the filing fee (NDOH Case No. 1:17 CV 1924, ECF No. 13).[2]

On January 4, 2018, Wylie- Brown filed a Writ of Prohibition in the Ohio Supreme Court (Case No. 2018-16) against respondents O'Leary and the State of Ohio, arguing that O'Leary lacked jurisdiction over the eviction proceeding (*see* Compl. ¶¶ 16-17). Respondents filed motions to dismiss, which were granted on the merits without opinion by the Ohio Supreme Court. *State ex rel. Wylie-Brown v. O'Leary*, 96 N.E.3d 294 (Table) (Ohio Apr. 25, 2018).

While the writ of prohibition was pending before the Ohio Supreme Court, the State Case moved forward. On March 1, 2018, the Cleveland Municipal Court granted CMHA judgment as to possession of the premises. Wylie-Brown appealed the eviction order to the Eighth District Court of Appeals on March 6, 2018 (Case No. CA-18-106900), but the Eighth District dismissed the appeal on May 24, 2018, because she failed to properly file her appeal and trial court record.

Wylie-Brown was evicted from her apartment on March 12, 2018. On April 10, 2018, CMHA dismissed its second (and last) cause of action from the State Case, thus concluding the eviction proceeding.

---

[2] The Sixth Circuit's order, issued June 7, 2018, requires Wylie-Brown to pay the filing fee within 30 days.

The instant action is the third federal case brought by Wylie-Brown in connection with the State Case. Plaintiff alleges that O'Leary violated her federal civil and constitutional rights[3] in connection with the proceedings in the State Case. (Compl. ¶ 6 and at 9.) She seeks declaratory and injunctive relief, and $1 million dollars in damages. (*Id*. at 9-10.)

## II. LAW AND ANALYSIS

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

### B. Analysis

**1. Immunity**

Defendant O'Leary, the judicial officer assigned to the State Case, is immune from suit pursuant to the United State Supreme Court's decision in *Mireles v. Waco*, 502 U.S. 9, 11 (1991)

---

[3] Specifically, the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

(per curiam). *See also King v. McCree*, 573 F. App'x 430, 438 (6th Cir. 2014) (same) (citing *Mireles*, 502 U.S. at 11). Wylie-Brown makes no plausible allegations from which this court could infer that O'Leary lacked subject matter jurisdiction over the State Case or that his actions were undertaken outside of his judicial capacity. *Mireles*, 502 U.S. at 11-12 (1991) (a judge is not immune from liability for nonjudicial actions and for actions taken in the absence of jurisdiction); *King*, 573 F. App'x at 438 and n.4 (same).

Therefore, to the extent that Plaintiff seeks money damages, O'Leary is immune from suit and is dismissed from this case pursuant to § 1915(e)(2)(B).

**2. Res Judicata**

In addition, this case must be dismissed on the grounds of *res judicata*. *Res judicata* is an affirmative defense that is waived if not raised in a responsive pleading, and the court generally lacks the ability to raise that defense *sua sponte*. *See* Fed. R. Civ. P. 8(c); *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988). In special circumstances, however, a court may *sua sponte* raise the issue. *Arizona v. California*, 530 U.S. 392, 412 (2000); *Pram Nguyen ex rel. United States v. City of Cleveland*, No. 1:17 CV 521, 2017 WL 1345293, at *4 (N.D. Ohio Apr. 12, 2017) (citing *Arizona*, 530 U.S. at 412). Such a special circumstance occurs when "a court is on notice that the issue presented has been previously decided." *Pram Nguyen*, 2017 WL 1345293, at *4 (N.D. Ohio Apr. 12, 2017) (quoting *Arizona*, 530 U.S. at 412); *Spehar v. City of Mentor, Ohio*, No. 1:12-CV-2855, 2013 WL 3190695, at *3 (N.D. Ohio June 21, 2013) (same) (further citation omitted). Where, as here, "the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense, the Court may take notice of the defense and dismiss the action for failure to state a claim upon which relief can be granted." *Spehar,* 2013 WL 3190695, at *3 (citing *Cataldo*

*v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012)).

Here, Wylie-Brown challenges the eviction proceedings in Cleveland Municipal Court. But Plaintiff cannot litigate in federal court a matter that she would be barred from re-litigating in state court under Ohio law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (same) (citing 28 U.S.C. § 1738; *Migra*, 465 U.S. at 81) (further citation omitted).

In Ohio, the doctrine of *res judicata* includes both claim preclusion and issue preclusion. *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995). Claim preclusion bars "all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at 229; *Carroll v. City of Cleveland*, 522 F. App'x 299, 303 (6th Cir. 2013) (same) (quoting *Grava*). Claim preclusion applies if: (1) the subsequent claim arises out of the transaction or occurrence that was the subject matter of a previous action; (2) a prior final, valid decision was rendered on the merits by a court of competent jurisdiction in the first action; (3) the second action involves the same parties, or their privies, as the first; and (4) the second action raises claims that were or could have been litigated in the first action. *Spehar*, 2013 WL 3190695, at *4 (citing *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir. 1997)).

Issue preclusion "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffmamn-LaRoche, Inc.*, 685 N.E.2d 529, 533 (Ohio 1997) (internal quotation marks omitted) (quoting *Krahn v. Kinney*, 538 N.E.2d 1058, 1062 (Ohio 1989) (further citation omitted)); *Potts v. Hill*, 77 F. App'x 330, 334 (6th

Cir. 2003) (same) (quoting *MetroHealth*). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing,* 637 N.E.2d 917, 923 (Ohio 1994) (citation omitted).

In the instant action, Plaintiff challenges O'Leary's jurisdiction and alleges that the eviction proceedings violated her constitutional and federal civil rights. An examination of public dockets for the State Case, and the Eighth District Court of Appeals and Ohio Supreme Court cases filed by Wylie-Brown challenging the State Case, shows that these issues were actually litigated and decided by the state courts or were (or could have been) raised in the state courts. All of the elements of *res judicata* are satisfied, and Wylie-Brown is barred from re-litigating these issues in federal court. Therefore, the Complaint fails to state a claim on which relief can be granted and is dismissed pursuant § 1915(e)(2)(B).

## C. Rooker-Feldman

Even if this case were not dismissed on the grounds that O'Leary is immune from suit and the case is barred by *res judicata*, this case must be dismissed pursuant to the *Rooker-Feldman* doctrine. Under that doctrine a federal court lacks jurisdiction over challenges to state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1932).

Plaintiff alleges that O'Leary violated her federal constitutional and civil rights in connection with the eviction proceedings in the State Case, and she seeks money damages and declaratory and injunctive relief. It is implicit in these allegations that the eviction proceedings were in error.

The Sixth Circuit has stated that, "[w]here federal relief can only be predicated upon a conviction that the State court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a State court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (amended on other grounds 243 F.3d 334 (6th Cir. 2001)) (quoting *Penzoil Co. v. Texaco*, Inc., 481 U.S. 1, 25 (1987)). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

Here, Wylie-Brown challenges O'Leary's decisions in the State Case. These challenges would require this court to review the same issues that were reviewed by the state courts. The court lacks subject matter jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine and, for this additional reason, the case is subject to dismissal pursuant to § 1915(e)(2)(B).

### D. Proceedings In Forma Pauperis

In rapid succession, Wylie-Brown has brought three cases in the Northern District of Ohio related to the State Case. In those cases, Wylie-Brown sought to proceed *in forma pauperis*, and was permitted to do so without payment of the filing fee. Those cases resulted in remand or dismissal for multiple reasons.

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The repeated filing of meritless lawsuits diverts judicial resources and interferes with the orderly administration of justice. *Pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases. *See Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006) (citations omitted); *Bradley v. Wallrad,* No. 1:06VCV246, 2006 WL 1133220, at * 1 n. 2 (S.D. Ohio Apr. 27, 2006) ("[O]ne acting *pro se* has

no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.") (internal quotation marks and citation omitted).

Plaintiff's filing of multiple lawsuits in connection with the State Case is incompatible with the privilege of proceeding *in forma pauperis*. *See Moore v. Controlled Substances Act,* Nos. 4:06-CV-43, 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006). "[F]ederal courts have the inherent power to ... [restrict] future access to the judicial system, to deter future frivolous ... or duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly bringing meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

The court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice. The court concludes that continuing to allow Wylie-Brown to proceed *in forma pauperis* with challenges to the State Case does not promote that interest. *See Maxberry*, 879 F.2d at 224. In the future, Wylie-Brown will not be permitted to file a challenge to the State Case (or the eviction proceedings) in the Northern District of Ohio without payment of the filing fee.

## III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  As a result, Plaintiff's motion for Declaratory Judgment and/or a Contempt Order (ECF No. 3) is moot, and denied as such.  The State Case has been concluded and Wylie-Brown has been evicted from her Ambleside apartment.  Plaintiff's motions to enjoin her eviction (ECF Nos. 4 and 5) are moot, and denied as such.

If Wylie-Brown desires to pursue future litigation in the Northern District of Ohio related to the State Case and her eviction from Ambleside by the Cleveland Municipal Court, she will be required to pay the full filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 27, 2018